# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Tamesha Green, | Civil Action No.: 6:14-cv-00224 |
| Plaintiff, | |
| v. | |
| Mid-Atlantic Finance Company, Inc., | **COMPLAINT** |
| Defendant. | JURY |

For this Complaint, the Plaintiff, Tamesha Green, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Tamesha Green ("Plaintiff"), is an adult individual residing in Longview, Texas, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Mid-Atlantic Finance Company, Inc. ("Mid-Atlantic"), is a Florida business entity with an address of 4592 Ulmerton Road, #200, Clearwater, Florida 33762, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Beginning on or around November 2013, Mid-Atlantic placed calls to Plaintiff's cellular telephone.

7. At all times mentioned herein, Mid-Atlantic called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice in an attempt to collect a debt from a person other than Plaintiff.

8. When Plaintiff answered the calls from Mid-Atlantic, she would hear a pre-recorded message which stated Mid-Atlantic was looking to speak with a person unknown to Plaintiff and requested that she wait for the next available representative.

9. On several occasions, when the Plaintiff got through to a live person, she informed Mid-Atlantic that it was placing calls to the wrong telephone number and requested that Mid-Atlantic cease all calls to her cellular telephone.

10. Despite Mid-Atlantic's knowledge that it was placing calls to the wrong telephone number, Mid-Atlantic continued to place dozens of subsequent calls to Plaintiff's cellular telephone.

11. Plaintiff never provided her consent to Mid-Atlantic to be contacted on her cellular telephone.

12. If at one time Mid-Atlantic had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last year, Mid-Atlantic called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Defendant's telephone systems have all the earmarks of a predictive dialer. Often times when Plaintiff answered the phone, she was met with a pre-recorded message before Defendant's telephone system would connect her to live person.

17. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed Mid-Atlantic on multiple occasions to stop all calls to her and cease calling her cellular telephone.

19. Mid-Atlantic continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff that they were calling the wrong telephone number

and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Mid-Atlantic was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from Mid-Atlantic to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Each of the aforementioned calls made by Mid-Atlantic constitutes a violation of the TCPA.

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

28. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced calls.

29. The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

32. All acts of the Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages from the Defendant for the all damages including emotional

   distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 25, 2014

                                            Respectfully submitted,

                                            By: */s/ Jenny DeFrancisco*

                                            Jenny DeFrancisco, Esq.
                                            CT Bar No.: 432383
                                            LEMBERG LAW LLC
                                            1100 Summer Street, 3rd Floor
                                            Stamford, CT 06905
                                            Telephone: (203) 653-2250
                                            Facsimile: (203) 653-3424
                                            E-mail: jdefrancisco@lemberglaw.com
                                            *Attorneys for Plaintiff*